

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JUDY PREDDY DRAPER | Case Number: **16SL-CC03871** | |
|---|---|---|
| Plaintiff/Petitioner:<br>BAYLESS PARTNERS, LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>HARDY C MENEES<br>121 WEST ADAMS<br>SAINT LOUIS, MO 63122 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>VINCENT J MANNINO | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Arbitration  Filed | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  SCOTT S KIRN
            Alias:

4079 BAYLESS AVE
POE RG ROSS CONSTRUCTION CO
ST LOUIS, MO 63125



*COURT SEAL OF*

*ST. LOUIS COUNTY*

> You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
> SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>21-OCT-2016</u>
Date

Further Information:
AMH

_____
Clerk

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____
_____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                                        Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**16SL-CC03871**

Electronically Filed - St Louis County - October 17, 2016 - 11:34 AM

STATE OF MISSOURI        )
                             ) SS
COUNTY OF ST. LOUIS     )

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| BAYLESS PARTERS, LLC, and ) <br> FRANK H. HAASE, ) <br> ) <br>      Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> VINCENT J. MANNINO, and ) <br> ) <br> **Serve at:  Place of Employment** ) <br> **R.G. Ross Construction Co., Inc.** ) <br> **4079 Bayless Ave.** ) <br> **St. Louis, Missouri 63125** ) <br> ) <br> SCOTT S. KIRN, ) <br> ) <br> **Serve at:  Place of Employment** ) <br> **R.G. Ross Construction Co., Inc.** ) <br> **4079 Bayless Ave.** ) <br> **St. Louis, Missouri 63125** ) <br> ) <br>      Defendants. ) | Cause No. <br><br> Div. |

**PETITION FOR CONFIRMATION OF ARBITRATION AWARD**

COME NOW, Plaintiffs, Bayless Partners, LLC, by and through its attorney of record,

and Frank H. Haase, by and through his attorneys of record, and for their Petition for

Confirmation of Arbitration Award state to the Court as follows:

      1.     Plaintiffs bring this cause of action pursuant to the Uniform Arbitration Act,

Section 435.350 RSMo, *et seq*., for confirmation of an Arbitration Award in their favor ordered

by the Honorable Melvin J. Wiesman ("Judge Wiesman") presiding as Arbitrator through the

American Arbitration Association ("AAA").

Electronically Filed - St Louis County - October 17, 2016 - 11:34 AM

2.     Plaintiff Bayless Partners, LLC ("Bayless Partners") is a Missouri limited liability company registered with the Missouri Secretary of State with a principal place of business in St. Louis County at 4079 Bayless Ave., St. Louis, Missouri 63125.

3.     Plaintiff Frank Haase owns a one-third membership interest in Bayless Partners and is a resident of St. Louis County, Missouri.

4.     Defendant Vincent J. Mannino owns a one-third membership interest in Bayless Partners and is a resident of Monroe County, Illinois, but is employed in St. Louis County, Missouri.

5.     Defendant Scott S. Kirn owns a one-third membership interest in Bayless Partners and is a resident of Jefferson County, Missouri, but is employed in St. Louis County, Missouri.

6.     Jurisdiction is proper in this Court under Section 435.430 RSMo as this Court is a court of competent jurisdiction within the State of Missouri.

7.     Venue is proper in this Court under Section 435.435 RSMo because the arbitration hearing at issue in this cause was held in St. Louis County and the subject property owned by Bayless Partners is situated in St. Louis County, Missouri.

8.     On July 7, 2015, Plaintiff Frank Haase filed an arbitration proceeding with AAA against Defendants Mannino and Kirn pursuant to the Operating Agreement of Bayless Partners.

9.     Thereafter, Plaintiff Bayless Partners was added to the arbitration as a party claimant.

10.     On September 7 and 8, 2016 an evidentiary hearing on Plaintiffs arbitration claims were heard before Judge Wiesman.

11.     On October 11, 2016, Judge Wiesman issued his Arbitration Award in favor of Plaintiffs, a copy of which is attached hereto and incorporated herein by reference as Exhibit 1.

Electronically Filed - St Louis County - October 17, 2016 - 11:34 AM

Also attached is a summary of the Arbitration Award attached hereto and incorporated herein by reference as Exhibit 2.

12.     Pursuant to Sections 435.400 and 435.425 RSMo, Plaintiffs hereby make their application to this Court for confirmation of their Arbitration Award.

13.     Pursuant to Section 10.10 of the Operating Agreement of Bayless Partners, attorneys' fees and costs related to the arbitration are recoverable, and Plaintiffs have incurred, and will continue to incur, such attorneys' fees and costs in these proceedings to confirm the Arbitration Award in their favor.  The Arbitrator previously awarded fees in favor of Plaintiffs as claimants in the underlying arbitration.

WHEREFORE, Plaintiffs pray for an Order confirming their Arbitration Award as final judgments; an Order awarding them their attorneys' fees and costs incurred in confirming their Arbitration Award; and for such other and further relief as the Court deems just and proper in the premises.

MENEES, WHITNEY, BURNET & TROG

/s/ Hardy C. Menees
HARDY C. MENEES            #23374
ROBERT H. MENEES           #62367
121 West Adams Avenue
Kirkwood, Missouri 63122
Telephone:  314-821-1111
Facsimile:  314-821-9798
Email:  menees@scbglobal.net

*Attorneys for Plaintiff Frank H. Haase*

3

Electronically Filed - St Louis County - October 17, 2016 - 11:34 AM

_/s/ Thomas M. Lang_

Thomas M. Lang       #22783
7905 Forsyth Blvd
Clayton, Missouri 63105
314-726-5363
314-721-6485 Fax
tlang@7905forsyth

_Appointed Attorney for Plaintiff_
_Bayless Partners, LLC_

4

**16SL-CC03871**

Electronically Filed - St Louis County - October 17, 2016 - 11:34 AM

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Case Number: 01-15-0004-1484

Frank Haase and Bayless Partners, LLC
-vs-
Vincent J. Mannino; Scott Kim

## AWARD OF ARBITRATOR

I, Melvyn W. Wiesman, the undersigned Arbitrator, having been designated in accordance with the arbitration agreement entered into between the above-named parties, having been duly sworn, received and considered the cause based upon testimony presented on September 7 and 8, 2016, as agreed between the parties in the Preliminary Hearing and Scheduling Orders. The parties appeared by counsel as follows: Hardy Menees and Robert Menees for Claimant, Frank Haase, and Thomas Lang for Claimant, Bayless Partners LLC, and Richard Magee for Respondents, Vincent J. Mannino and Scott Kim. Witnesses appeared and testified in person. The parties agreed to and were granted to and including September 20, 2016 to submit post trial briefs and proposed awards. Each party submitted Post Trial Briefs and affidavits regarding attorneys' fees, all in accord with their stipulation at the conclusion of presentation of evidence. The Cause was taken as submitted on September 20, 2016.

The Arbitrator, having fully reviewed and considered the said testimony of witnesses and exhibits offered and submitted and briefs, does hereby FIND as follows:

1. Bayless Partners, LLC (hereinafter referred to as "Bayless") is a Missouri limited liability corporation in which Claimant, Frank Haase (hereinafter referred to as "Haase") and Respondents Vincent J. Mannino (hereinafter referred to as "Mannino") and Scott Kim (hereinafter referred to as "Kim") each own an equal interest. As to Bayless' claim against Respondents, Haase is a minority shareholder of Bayless. Respondent Kim is an active member and Respondent Mannino is the managing officer of Bayless and has been the managing party in the operation of Bayless since the retirement of Haase from that position.

2. Bayless owns one asset, being the real estate and building at 4079 Bayless Ave, St. Louis, Mo. Its sole tenant and lessee, pursuant to lease, is R. G. Ross Construction Co, Inc. (hereinafter referred to as "Ross "). Until March 30, 2012, Haase had been a stockholder of Ross and its President. As of that date, Haase sold his shares in Ross and Mannino became president of Ross. Therefore, as of the dates relevant to this dispute, Mannino was the chief operating officer of both Bayless and Ross.

3. Section 2.1 of the Bayless Operating Agreement provides "Management of the Company is vested in its Members, subject to the provisions of Section 2.2 of this Agreement, who will manage the Company in accordance with the Act..." Section 2.2 of the Bayless Operating Agreement requires unanimous approval of all members and states "Whenever any matter is required or allowed to be approved by the Members or the remaining Members under the Act or this Agreement, such matter shall be considered approved or consented to upon the receipt of the affirmative approval or consent, either in writing or at a meeting of the Members, of Members having Membership interests equaling one hundred percent (100%) of the Membership interests of all the Members entitled to vote on a particular matter..." Section 9.10 of the Stock Purchase Agreement relating to the sale of Haase's stock in Ross, to which Bayless was not a party, provides in part. "The partners of Bayless Partners agree that Frank H. Haase shall continue to be a partner of Bayless Partners until the building that is the asset of Bayless Partners is sold or for a period of 8 years, whichever event first



PLAINTIFF'S
EXHIBIT
1

Electronically Filed - St Louis County - October 17, 2016 - 11:34 AM

occurs… From and after the date of this Agreement, Vincent J Mannino and Scott S. Kim shall have decision making authority as it pertains to the relationship between the Company (Ross) and Bayless Partners, except as it relates to a sale that would require the approval of Frank H. Haase." This provision does not modify or amend the Bayless Operating Agreement.  No notice was provided to Respondents to Bayless or Haase of a meeting to consider the lease modification and Haase did not consent to the lease modification.

4. Until April 1, 2014 the body of the lease between Bayless and Ross had been a triple net lease with Ross assuming substantially all of the taxes, insurance and maintenance expenses. The parties are in dispute over whether Bayless or Ross must pay the utilities. An unsigned schedule to the lease, which was signed, indicated that Bayless was responsible for the utilities.  That provision was inconsistent with other provisions in the body of the lease placing the burden upon Ross. The signed page to the lease expressly notes that Exhibits A and B attached to the lease was part of the lease. The Arbitrator finds that as a result of those provisions in the schedule to the lease it was the intent of the parties that those expenses are borne by Bayless even though Bayless has never paid them.

5. As of April 1, 2014, Ross and Bayless through the actions of Mannino and Kim, without notice to or consent of Haase, substantially modified the lease from a multi-year lease to a month-to-month tenancy to require that Bayless assume substantially all of the expenses of the leased property including maintenance, fire insurance, flood insurance and utilities and to reduce the rent paid by Ross to Bayless from $84,000 per year ($7,000 per month) to initially $4500 per month, which the evidence reflects is not sufficient for Bayless to cover its expenses. In addition the evidence reflects that, to cover Bayless' expenses Ross has loaned funds to Bayless, resulting in an increase in the amount of encumbrances imposed upon Bayless and its equity.  As a result, the value of the equitable stake of Haase, Mannino and Kim in Bayless has been substantially reduced while at the same time the value of equitable shares of Mannino and Kim in Ross have substantially increased.  Therefore, the Arbitrator finds that the only equity loser has been Haase and the economic viability of Bayless has been substantially compromised.  In light of the evidence of Mannino's animosity toward Haase, the Arbitrator finds that the loss of equity to Haase has been an intentional result of the actions of Mannino and Kim in violation of the provisions of the Section 1.7 of the Operating Agreement of Bayless which provides "No member shall take any action advantageous to such member which is or may be disadvantageous to any other Member or Members." When Kim purchased the shares of Haase he allegedly executed a Membership Purchase Agreement that provided for a First Amended Operating Agreement. However, no such documents have been provided and the Arbitrator finds that no such documents were ever executed. Kim is also bound by the Operating Agreement of Bayless just as is Mannino.

6. Haase and Bayless each allege that Respondents have breached their fiduciary duty to them by executing the unconscionable lease on April 1, 2014 and violated the provisions of the Bayless Operating Agreement by executing the said lease without the consent of Claimant Haase and without prior notice and a hearing as required by Section 2.3 of the Bayless Operating Agreement. The Arbitrator agrees. The lease that was put into effect was designed to destroy Haase's equity share in Bayless while at the same time enhancing the economic values of the shares of Respondents and others in Ross. Any losses sustained by Respondents in Bayless as a result were counterbalanced by the enhancement of the value of their shares and salaries through Ross.

7. The arbitrator also finds that the Respondents are not protected by the Business Judgment Rule because the Arbitrator finds that the decisions of Respondents were not made in good faith, but were made with the intent to reduce the value of Haase's equity in Bayless while at the same time increasing the value of their equity in Ross. The changes in the terms of the Lease were not driven and made by "economic reasons" of the tenant ROSS. The credible evidence is that ROSS was a quite healthy company with very little long-term debt;

Electronically Filed - St Louis County - October 17, 2016 - 11:34 AM

8. Bayless and Haase have sought damages and other remedies from Respondents as a result of breaches by Respondents of the Bayless Operating Agreement.

   a. With respect to permissible remedies Section 10.5 provides "The rights and remedies of any of the Members hereunder shall not be mutually exclusive, i.e., the exercise of one or more of the provisions hereof shall not preclude the exercise of any other provision hereof. Each of the Members confirms that damages at law may be an inadequate remedy for a breach or threatened breach of this Agreement and agrees that in the event of a breach or threatened breach of any provisions hereof, the respective rights and obligations hereunder shall be enforceable by specific performance, injunction or other equitable remedy but nothing herein contained is intended to, nor shall it, limit or affect any right or rights at law or by statue or otherwise of any party aggrieved as against the other for a breach or threatened breach of any provision hereof, it being the intention hereof to make clear the agreement of the Members and the respective rights and obligation of the Members hereunder shall be enforceable in equity as well as at law or otherwise."

   b. With respect to the arbitration and costs associated therewith Section 10.10 provides (in part): "No civil action concerning any dispute arising under this Agreement shall be instituted before any court and all such disputes as well as disputes involving a voting deadlock concerning the Members of the Company shall be submitted to final and binding arbitration under the auspices of the American Arbitration Association, St. Louis, Missouri. Such arbitration shall be conducted in accordance with the rules of such association before a single arbitrator. Therefore, in addition to any award of damages, any such award may, in the discretion of the arbitrator, specify specific performance of this Agreement. All costs and expenses of the arbitration, including actual attorney's fees shall be allocated among the Members according to the arbitrator's discretion. The arbitrator's award resulting from such arbitration may be confirmed and entered as a final judgment in any court of competent jurisdiction and enforced accordingly. "

   c. With respect to Bayless' claim for relief under Section 347.088, RSMo the Arbitrator finds there is no need to consider this issue because it is duplicitous of its other claims for damages and relief.

9. As a result of the breach by Mannino and Kim of their fiduciary duties to Bayless and their breach of the provisions of the Bayless Operating Agreement, Bayless has been damaged as follows:

   a. Since the allegedly new lease of April 1, 2014 was improperly instituted, it must be invalidated. Ross has been acting as a tenant under a month to month tenancy on the basis of the previously agreed rental agreement, which is $7,000 per month plus Ross is responsible for all taxes, insurance, and maintenance expenses none of which has been paid to Bayless. As a result, Bayless has sustained damages for unpaid rents in the amount of $48,000 and has expended expenses for which Ross should have been liable through August 2016 for taxes, insurance, and miscellaneous expenses in the total amount of $86,321.92. Bayless is also entitled to recover those same expenses for taxes, insurance and other miscellaneous expenses which would have been due under the prior valid lease.

   b. Since the actions of Respondents were not designed to benefit the best interests of Bayless or Haase, Respondents have also damaged Bayless and Haase by incurring legal fees paid from funds of Bayless to Respondents' attorney in relation to the 2014 lease and subsequent arbitration proceedings following therefrom in this litigation by Bayless and Haase in the amount of $3,120.

01-15-0004-1484                                                                                    Page 3

Electronically Filed - St. Louis County - October 17, 2016 - 11:34 AM

     c.   Under the leadership of Respondent Mannino, Ross has made loans to Bayless in the approximate present amount of $52,330.00 to allegedly pay to Ross expenses that Bayless does not owe. That indebtedness must be paid or dissolved by Respondents except to the extent they represent utility bills incurred since April 2014.

10.  As a result of the breach by Mannino and Kim of their fiduciary duties to Haase, Haase has been damaged as follows:

     a.   His equity in Bayless has been substantially reduced and needs to be rejuvenated, which can best be done with the Arbitrator's award to Bayless.

     b.   Haase has also been the initiator of the derivative action on behalf of Bayless and should be reimbursed for his expenses of the arbitration pursuant to Section 10.10 of the Bayless Operating Agreement.

11.  Thomas Lang, attorney appointed to represent Bayless in its derivative claim against Respondents, has expended efforts for Bayless in the reasonable value of $20,610.00 of which $3,000.00 has been paid, leaving a balance due of $17,610.00 still owed. The Arbitrator, in the exercise of his discretion under Section 10.10 of the Bayless Operating Agreement, finds that Respondents should be liable for those fees. Since Mr. Lang is not a party to this arbitration and the award of attorney's fees must be to Bayless and since Respondents, as controlling shareholders of Bayless, have expressed hostility toward this Arbitration, Respondents, as controlling shareholders of Bayless, should be ordered to pay to Mr. Lang from the assets of Bayless his $17,610.00 attorneys' fees.

12.  Hardy Menees and his law firm have performed services representing Claimant Haase in this arbitration, which was the initiator of the Shareholder's Derivative claim of Bayless against Respondents. His efforts on behalf of Claimant Haase have preserved the assets of Claimant Bayless and the arbitration. He and his firm have expended efforts on behalf of Claimant Haase in the reasonable value of $39,027.50. Mr. Menees has been the prime mover on behalf of Claimants in obtaining discovery and in leading the litigation. The Arbitrator further notes that Respondents have been dilatory in responding to the discovery efforts of Claimants and even refused to deposit funds with the American Arbitration Association to cover Respondent's share of those costs. Mr. Menees and Claimant Haase have made those deposits to preserve the arbitration. Respondent Mannino even admitted during testimony that he had directed his attorney to delay the proceedings. The Arbitrator, in the exercise of his discretion under Section 10.10 of the Bayless Operating Agreement, finds that Respondents should be liable for those fees along with the accountancy and appraisal expenses involved in the arbitration hearing in the amount of $5,600.00 and Claimant Haase should recoup all funds deposited by them to secure the arbitration.

13.  Claimant Haase also incurred attorneys' fees relating to the 2014 lease and this arbitration through The McAuliffe Law Firm LLP in the reasonable amount of $1,741.50. The Arbitrator, in the exercise of his discretion under Section 10.10 of the Bayless Operating Agreement, finds that Respondents should be liable for those fees.

14.  Claimants have also requested certain equitable reliefs which the Arbitrator finds are justified and which are hereinafter more specifically set forth in the Order portion of this Award.

THEREFORE, THE ARBITRATOR ORDERS, ADJUDGES AND AWARDS AS FOLLOWS:

1.  Claimants' claims against Respondents Mannino and Kim are hereby granted as follows:

     a.   Claimant Bayless shall recover of Respondents, Mannino and Kim, jointly and

Electronically Filed - St Louis County - October 17, 2016 - 11:34 AM

severally, money damages for rents in the amount of $48,000, taxes, insurance and miscellaneous expenses of $86,321.92 and attorney fees of $3,120.00, in the accumulated amount of $137,441.92. Said award shall be paid by Respondents personally, and not by Bayless Partners, LLC.

b.  The lease between Ross and Bayless of April 2014 is rescinded and declared invalid and the tenancy between Bayless and Ross is declared to be a month-to-month tenancy from April 2014 to the present date. The rents due are the same as the rents that were due under the preceding lease, which is $7,000 per month and Ross, the tenant, shall be liable for all expenses, as designated in the previous lease except utilities (including but not limited to sewer, gas, water and electricity), which shall be the responsibility of Bayless, the landlord. Respondents are enjoined from modifying this relationship between Bayless and Ross without prior notice to and consent of all equity owners of Bayless, including Claimant, Haase, so long as Haase remains an equity owner in Bayless.

c.  Respondents shall pay to Ross on behalf of Bayless or have removed from the books of Bayless and Ross the debt on the books of Claimant Bayless owed to Ross in the approximate sum of $52,330.00. Any payments of principal and interest thereon to release the debt shall be paid by Respondents to Ross and not by Bayless.

d.  Respondents are enjoined from encumbering the assets of Bayless or transferring any assets of Bayless without the written consent of Claimant Haase so long as Claimant Haase is a member of Bayless

e.  Respondents are enjoined from making any tenant improvements to the Bayless building without the written consent of Claimant Haase so long as Claimant Haase is a member of Bayless.

f.  Respondents are enjoined from incurring any professional fees on behalf of Claimant Bayless without the written consent of Claimant Haase so long as Claimant Haase is a member of Bayless.

g.  Respondents are enjoined from paying any new compensation, benefits, salaries or extra-ordinary expenses without the written consent of Haase as long as Haase is a Member of Bayless.

h.  Respondents Vincent J. Mannino and Scott Kirn, jointly and severally, are ordered to pay Bayless Partners, LLC the additional sum of $17,610 as attorneys' fees for payment to Thomas M. Lang, the attorney appointed for Bayless in these proceedings. Said payments shall be paid by Respondents to Bayless personally and not from other funds of Bayless. Respondents, as controlling shareholders of Bayless, are ordered to pay to Mr. Lang from the assets of Bayless his $17,610.00 attorney's fees.

i.  Respondents Vincent J. Mannino and Scott Kirn, jointly and severally, are ordered to pay Claimant Frank Haase attorneys' fees of attorney, Hardy Menees in the amount of $39,027.50 plus accountancy and appraisal expenses involved in the arbitration hearing in the amount of $5,600. Said payments shall be paid by Respondents personally and not from funds of Bayless.

j.  Respondents, jointly and severally, are ordered to reimburse Claimant Haase $1,741.50 for attorneys' fees of The McAuliffe Law Firm LLP which shall be paid by the Respondents personally and not from funds of Bayless.

2.  The administrative fees and expenses of the American Arbitration Association (the "Association") totaling $5,750.00, and the compensation and expenses of the arbitrator

01-15-0004-1484

Page 5

Electronically Filed - St Louis County - October 17, 2016 - 11:34 AM

totaling $22,445.50 shall be borne by Respondents Vincent J. Mannino and Scott Kim, jointly and severally, and not by Bayless or Haase. Therefore, Respondents Vincent J. Mannino and Scott Kim, jointly and severally, shall reimburse Claimant Haase the additional sum of $16,972.75, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant Haase, upon demonstration by Claimant Haase that these incurred costs have been paid.

3.  The Arbitration Awards in this Order in favor of Claimants Haase and Bayless Partners, LLC, may be reduced to judgment in the St. Louis County Circuit Court upon application by the appropriate party pursuant to Section 435.350 RSMo, et seq. (Uniform Arbitration Act).

The above sums are to be paid on or before 45 days from the date of this Award.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

_10/11/16_
Date

Hon Melvyn W. Wiesman, Arbitrator

16SL-CC03871

Electronically Filed - St Louis County - October 17, 2016 - 11:34 AM

## Arbitration Cash Payments Ordered

To Be Paid by Respondents, Mannino and Kirn, jointly and severally, and personally without use of Bayless Partners Funds:

1. $137,441.92   To Bayless Partners (Rent, Misc. Expenses, Professional Fess)
2. $ 17,610.00   To Tom Lang (through Bayless Partners)
3. $ 39,027.50   To Frank Haase for HCM Attorneys' Fees
4. $  5,600.00   To Frank Haase for Expert Fees
5. $  1,741.50   To Frank Haase for McAuliffe Attorneys' Fees
6. $ 16,972.75   To Frank Haase for AAA Fees
$218,393.67

Plus:  The sum of $52,330 to be paid by Respondents to Ross or alternatively, said sum to be removed from the Bayless Partners' books as a debt to Ross Construction.

## Specific Performance Relief

The April 1, 2014 month-to-month lease is rescinded and the prior lease is ordered into effect which requires rent of $7,000 per month with tenant paying all expenses except for utilities.  This lease is ordered to remain in effect until Haase is no longer a member of Bayless Partners.

## Additional Injunctive Relief

Respondents are enjoined from:

1. Encumbering or transferring assets of Bayless Partners without written consent of Haase;
2. Making any tenant improvements to building without written consent of Haase;
3. Incurring any professional fees without written consent of Haase;
4. Paying any new compensations, benefits, salaries, or extra-ordinary expenses without written consent of Haase.



PLAINTIFF'S EXHIBIT
2
ALL-STATE LEGAL®